Granger, C. J., and Dlckman, J.,
dissenting. Originally the expressions “die by his own hand” and “self-murder ” were not always, used as synonymous terms. The latter always included the element of crime, and therefore indicated that the decedent was sane when he did the act. The former sometimes included the crime: at other times its did not. The courts have in many cases construed them as technical terms, having precisely the same meaning. If their use must therefore be limited by the decisions of courts, our language is destitute of a word that describes the act of a man who kills himself, knowing that his act would cause his death, but does not indicate that the deed was criminal. Strictly", the phrase “ died by his own hand,” aptly described just such a death. In our judgment, notwithstanding the decisions referred to, parties may of right use the phrase in this sense; and whenever their contracts indicate that they so intended, effect should be given to that intent. It seems to us that the words “shall under any circumstances die by his own hand” do indicate that the phrase was not used in the technical sense. They evince a purpose to widen that which judicial construction had made narrow. As that narrowing consisted in always so construing the phrase as to include the idea that the decedent was criminal and therefore sane, it is evident that the widening intended consists in excluding that idea. Hence by a reasonable construction effect can be given to the new words “ under any circumstances.” If we are right in thus thinking, it is the duty of the court to so construe in this case.
We think the record shows that at the moment when counsel for the plaintiff offered to prove “insanity,” the evidence had presented a case in which mere “ insanity ” *225 was immaterial. It was evident that counsel did not expect to show that Schultz did not know that he was taking arsenic and that it would cause his death. Hence we think the court did not err in refusing to admit the evidence offered, and that the refusal to charge the jury as the plaintiff desired, was right.